MELVYN J. PEREZ, Judge Pro Tem.
The record indicates that on September 2, 1980 Mrs. Elizabeth Ware, defendant-appellant, filed a Rule for Increase in Alimony and Child Support. On September 26,1980, her husband, Andrew J. Ware, filed a Rule for Settlement of Community Funds in a Exxon Thrift Fund and for Termination of Alimony and Reduction of Child Support.
Testimony given by Mrs. Ware indicated that she was previously employed by Independent Towing Company but lost her position due to excess absentism due to her illness. She presented an income and expense sheet showing that she needed $1,150.00 per month for her benefit and the benefit of her minor child, age 15.
Mr. Ware presented testimony indicating that his take-home salary from his job at Exxon was $1,800.00 per month; however, Mr. Ware had borrowed certain monies in order to build a four-plex and $500.00 per month was taken from his check to repay the loan. In addition, Mr. Ware paid 6% of his salary into the Exxon Thrift Fund, and therefore his net salary should be approximately $2,450.00. In addition thereto Mr. *501 Ware’s present wife is employed and she receives $1133.48 from the Jefferson Parish School Board per month for nine months out of the year. Therefore, if we compute her salary on a 12 month basis, then her monthly salary is $944.45.
Much conflicting testimony was given as to what each party owns and what the true income of each party is per month. Mr. Ware testified that his present wife does own separate rental property which is at the present time being operated at a loss. Allegations were made that defendant-appellant, Mrs. Elizabeth Ware, had a considerable inheritance due her from her father’s estate in Mississippi; however, defendant-appellant testified that she received no income from that estate, and that whatever monies were derived therefrom were being used by her mother to pay the outstanding bills.
The trial judge indicated that he was thoroughly familiar with all of the circumstances involved in this matter, and that the case had been before him for the last nine or ten years. The trial judge rendered judgment on February 4,1981 and increased alimony payments from $150.00 to $325.00 and increased child support payments from $400.00 to $425.00 for a net increase of $200.00 per month. We have had the opportunity to examine these facts and figures and feel that the trial judge did not abuse his discretion in granting an increase in this particular amount.
Likewise much testimony was given by both Mr. and Mrs. Ware relative to the stock in the Exxon Thrift Fund. This particular problem had been before the trial judge since the termination of the community between the parties which occurred on November 11, 1974. The record indicates that the employees of the Thrift Fund had been before Judge Frank Y. Zacearía on at least five different occasions and each bit of information that could have been given by Exxon in a attempt to settle this matter was, and had been before the court. Judge Zacearía found it necessary to order Mr. Ware to obtain information from Exxon’s office in Houston, Texas in order to calculate the interest that Mrs. Ware still had in the thrift fund as part of her community settlement. The record also had a letter dated September 22, 1980 from Exxon showing the amount in the thrift fund on the date of the termination of the community. Based on the figures before him and after dealing with this matter for enumerable years, Judge Zacearía determined what interest Mrs. Ware did have in the community and ruled accordingly. Judge Zacearía in his judgment of October 24, 1980 stated that Mrs. Ware was entitled to 152 shares of stock having a value of $78.75 per share, and the total value of said interest amounted to $11,970.00. In his computations Judge Zacearía took into consideration interest ac-cured and other increments involving said stock. We likewise have had a chance to review his findings and affirm the judgment of the trial court.
AFFIRMED.